JONES v. SARCHETT ET AL.

1. **Surety on Bond**: NOTE OF PRINCIPAL DOES NOT DISCHARGE. When the note of a principal debtor upon a bond is taken payable at a fixed future time, the surety is not discharged, if the right of immediate action on the bond is reserved. See cases cited.

*Appeal from Delaware District Court.*

FRIDAY, SEPTEMBER 21.

THE plaintiff in his original and amended petitions in substance alleges that on the third day of October, 1876, the defendants executed a bond, as follows:

"*Know all men by these presents*, that we, Clark Sarchett, of Walker, Linn county, Iowa, as principal, and Geo. W. Newland and Thomas W. Sarchett, as sureties, are by these presents held and firmly bound unto D. W. Jones, of Manchester, Delaware county, Iowa, in the penal sum of $1,000, for the payment of which we bind ourselves, our heirs, assigns and legal representatives. The conditions of the above obligation are such, whereas, the above bounden Clark Sarchett has received goods of the above D. W. Jones, for the purpose of selling to the people through the country, on commission, and is to make a true and faithful account of all such goods, and whenever any such goods are sold on credit to guarantee the collection of all such accounts and notes, and to return to the said D. W. Jones all goods unsold, and if the said Clark Sarchett shall faithfully and truly fulfill all of the obligations of the above contract, this bond shall be void, otherwise in full force."

That the said Clark Sarchett who signed said bond is the J. C. Sarchett, defendant in this case, and that he obtained from plaintiff a large quantity of woolen goods, and entered upon the business of selling them, and that, on the twenty-second of March, 1880, plaintiff and defendant, J. C. Sarchett, ascertained the amount due plaintiff, which was the sum of $400,

and, as evidence of said indebtedness, defendant executed to plaintiff his promissory note as follows:

"Six months after date I promise to pay to the order of D. W. Jones $400, at Delaware County Bank, Manchester, Iowa, value received, with interest at ten per cent per annum, payable annually, and interest upon interest after it becomes due; and I agree that if this note is not paid at maturity, and the holder sues the same, to pay ten per cent upon the amount due on said note as liquidated damages for attorney's fees in collecting the same, and I hereby waive all right to stay of execution on any judgment obtained on this note."

That said note was taken by plaintiff with the express understanding that the sureties on said bond were not to be released, and was not taken in payment of said bond, but as collateral thereto only, and plaintiff expressly reserved his right to an immediate suit on said bond, and it was expressly understood between plaintiff and the principal in said bond that the remedy thereon was not suspended, and that there was no consideration for any extension of time by said note. The plaintiff prays judgment on said bond for $470, with interest at six per cent. The defendants filed a demurrer to the petition, which was sustained, and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*A. S. Blair*, for appellant.

*Woodward & Cook*, for appellee.

DAY, Ch. J.—The petition alleges that at the time of taking said note plaintiff expressly reserved his right to an immediate suit on the bond, and it was expressly understood between plaintiff and the principal on said bond that the remedy thereon was not suspended. These allegations of the petition are admitted by the demurrer. The sureties could, then, notwithstanding the acceptance of the note, have required the plaintiff to commence suit on the bond, or to permit the sureties to do so, as provided in section 2108 of the Code.

The law is well settled that when the note of a principal debtor upon a bond is taken payable at a fixed future time, the surety is not discharged, if the right of immediate action upon the bond is reserved. See Brandt on Suretyship, sections 318, 329, and authorities cited; *Paine v. Voorhees*, 26 Wis., 522; *United States v. Hodge et al.*, 6 How. (U. S.), 279; *Wyke v. Rogers*, 1 De Gex. Mac. & Gor., 408; *Fox v. Parker & Cutler*, 44 Barb., 541; *Claggett v. Salmon*, 5 Gill and Johns., 314; *Hagey v. Hill*, 75 Pa. St., 108; *Owen v. Homan*, 13 Beavan, 196; *Price v. Barker*, 4 Ellis and Black., 760; *Viele v. Hoag*, 24 Vt., 46; *Webb v. Hewitt*, 3 Kay and Johns., 438.

These authorities seem to us to be decisive of the question involved. In our opinion the court erred in sustaining the demurrer.

REVERSED.